UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>RAY F. GARMAN, III<br><br>Debtor. | Chapter 7<br><br>Case No. 05-37483(BIF) |
| RAY F. GARMAN, III,<br>Chapter 7 Debtor,<br><br>        Plaintiff,<br>    v.<br><br>MARIA MAYER GARMAN,<br><br>        Defendant. | Adversary Proceeding<br><br>No. 06- |

### ADVERSARY COMPLAINT

Plaintiff, Ray F. Garman, III ("Plaintiff" or "Debtor"), by and through the undersigned counsel, Weir & Partners LLP, hereby demands judgment against defendant, Maria E. Garman ("Defendant"), upon the following causes of action:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this bankruptcy case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2.    This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. §§105, 523(a)(5) and 523(a)(15).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

4. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## PARTIES

5. Plaintiff is Ray F. Garman, III, the Debtor in the above-captioned Bankruptcy Case, No. 05-37483(BIF).

6. Defendant Maria Mayer Garman ("Defendant") is an adult individual who resides at 525 E. 8th Street, New York, NY and is the former spouse of the Debtor.

## SUBSTANTIVE ALLEGATIONS

7. On October 14, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code §§101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") thereby commencing this bankruptcy case (the "Debtor's Case").

8. The Debtor and the Defendant were married on August 31, 1991.

9. Defendant filed a divorce action on December 10, 1996 in the Court of Common Pleas of Philadelphia County and, by order dated June 8, 2004, the Honorable James Murray Lynn granted the Debtor and the Defendant a divorce (the "Order of Divorce"). A true and correct copy of the Order of Divorce is attached hereto as Exhibit "A" and made a part hereof.

10. In the Order of Divorce, Judge Lynn also ordered the Debtor to pay certain sums to the Defendant as follows:

a.  Paragraph 2 of the Order of Divorce provides:

Husband shall pay to Wife reasonable counsel fees and costs in the amount of Five Hundred Thousand ($500,000.00) Dollars, within 30 days from the date of this Order. If said sum is not paid, then a judgment shall be entered of record, which shall not be dischargeable in any subsequent bankruptcy proceeding.

b.  Paragraph 5 of the Order of Divorce provides:

Wife is awarded all remaining assets, accounts receivable, judgments (pre-marital and marital) that are currently in the possession and control of Husband or any business entity in which Husband currently has any ownership interest in or has had any ownership interest in during the past seven years. These assets are valued by the Court for purposes of **Equitable Distribution** at One Million Five Hundred Thousand ($1,500,000.00) Dollars. Husband is directed to surrender these assets to Scott M. Orloff, Esquire, attorney for the Wife within Thirty (30) days of this Order (Emphasis added).

c.  Paragraph 6 of the Order of Divorce provides:

Wife is awarded Six Million ($6,000,000.00) Dollars in cash. Husband is directed to surrender to Scott M. Orloff, Esquire, the sum of Six Million ($6,000,000.00) Dollars within thirty (30) days. A judgment securing payment of the above noted sum shall be entered of record and shall not be dischargeable in any subsequent bankruptcy proceeding.

d.  Paragraph 8 of the Order of Divorce provides:

In the event that Mr. Orloff fails to certify Husband's compliance with Paragraph Number Five (5) of this Order, a Three Million ($3,000,000.00) **Alimony arrearage** (judgment) will be set by the Domestic Relations Department at PACES Number #669004113 on the 35th day after the entry of this Order (Emphasis added).

    e.    Paragraph 9 of the Order of Divorce provides.

In the event that Mr. Orloff fails to certify Husband's compliance with Paragraph Number Six (6) of this Order, a Twelve Million ($12,000,000.00) Dollar **Alimony arrearage** (judgment) will be set by the Domestic Relations Department at PACES Number #669004113 on the 35th day after the entry of this Order (Emphasis added).

11.    On August 9, 2005, following a hearing to determine the Debtor's compliance with the Order of Divorce, the Debtor was ordered incarcerated for periods aggregating nearly twelve months in a Philadelphia County Prison. The Debtor remains incarcerated, but on "house arrest".

## COUNT I – DISCHARGEABILITY PURSUANT TO BANKRUPTCY CODE SECTION 523(a)(5)(B)

12.    Debtor incorporates by reference the allegations contained in paragraphs 1 through 11, inclusive, as if set forth fully at length herein.

13.    The obligations described in the Order of Divorce paragraphs 2, 8 and 9 are not actually in the nature of alimony, maintenance or support.

14.    Since the obligations described in the Order of Divorce paragraphs 2, 8 and 9 are not actually in the nature of alimony, maintenance or support, this Court may determine such obligations to be dischargeable.

WHEREFORE, the Debtor respectfully requests that this Court enter judgment in Debtor's favor as follows:

    A.    The obligations described in the Order of Divorce paragraphs 2, 8 and 9 in the total amount of $15,500,000.00, are dischargeable by the Debtor and shall be discharged upon entry of an order of Discharge in favor of the Debtor in this Debtor's Case;

    B.    Granting costs and attorneys' fees associated with this request to the Debtor; and

    C.    Granting Debtor such other and further relief as the Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT

15.    Debtor incorporates by reference the allegations contained in paragraphs 1 through 11, inclusive, as if set forth fully at length herein.

16.    The obligations set forth in the Order of Divorce paragraphs 5 and 6 are in the nature of property settlement or equitable distribution.

17.    No complaint to determine the dischargeability of the obligations set forth in the Order of Divorce paragraphs 5 and 6 has been filed by the Defendant herein, or any other party in interest entitled to file such complaint, and the Defendant is time-barred from doing so.

18.    Pursuant to Bankruptcy Code Section 523 (a)(5), Section 523(c) and Bankruptcy Rule 4007, the Obligations set forth in the Order of Divorce paragraphs 5 and 6 should be discharged upon the entry of Discharge in favor of the Debtor in this Debtor's Case.

WHEREFORE, the Debtor respectfully requests that this Court enter judgment in Debtor's favor as follows:

    A.    The obligations described in the Order of Divorce paragraphs 5 and 6 in the total amount of $7,500,000, are dischargeable by the Debtor and shall be deemed to be discharged upon entry of an order of Discharge in favor of the Debtor in this Debtor's Case;

B. Granting costs and attorneys' fees associated with this request to the Debtor; and

C. Granting Debtor such other and further relief as the Court deems just and proper.

                WEIR & PARTNERS LLP

                BY: /s/Walter Weir, Jr.
                    Walter Weir, Jr., Esquire
                    Jeffrey S. Cianciulli
                    The Widener Building, Suite 500
                    1339 Chestnut Street
                    Philadelphia, PA 19107
                    (215) 665-8181 (telephone)
                    (215) 665-8464 (facsimile)

                    Counsel to Debtor

Dated: October 19, 2006

249625-1                    6

EXHIBIT "A"

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**FAMILY COURT DIVISION**
**DOMESTIC RELATIONS BRANCH**

FILED
JUN 9 2004
CLERK OF FAMILY COURT

| | | |
|---|---|---|
| MIA MAYER GARMAN | : | |
| | : | |
| | : | DECEMBER TERM, 1996 #8468 |
| | : | DR#009616767 |
| v. | : | PACES #669004113 |
| | : | |
| RAY F. GARMAN III | : | |

## ORDER

THIS CAUSE coming on to be heard before the Honorable James Murray Lynn, presiding over December Term 1996 No. 8468, Court of Common Pleas, Philadelphia County, Pennsylvania,

FROM THE RECORD IN THIS CASE, THE COURT FINDS AS FACT:

1. Prior to the parties' marriage Ray F. Garman, III did not own any assets of significant value and his annual income was below Thirty Thousand ($30,000.00) Dollars.

2. Prior to the parties' marriage Mia Mayer Garman owned assets exceeding One Million Five Hundred Thousand ($1,500,000.00) Dollars in value and she earned annual passive income in excess of Three Hundred Thousand ($300,000.00) Dollars.

3. During the marriage the parties acquired millions of dollars in assets directly from Wife's father and from the Mayer family business.

4. Ray F. Garman, III misappropriated funds from the marital estate given to it by the Mayer businesses during the course of the marriage, including the funds that were used to purchase the Real Estate at 1802 Delancey Street, Philadelphia, PA.

5. The California Real Estate was purchased solely with funds provided by Erwin Mayer. A valid agreement existed among Erwin Mayer, Mia Mayer Garman and Ray F. Garman, III to exclude this property from the marital estate.

6. The New York Real Estate titled in wife's name was acquired prior to the marriage and there was no evidence presented that the property has appreciated in value.

7. Wife inherited Real Estate in Germany during the marriage and there was no evidence presented to the Court indicating that there was any appreciation in value of that property.

8. Ray F. Garman, III obtained possession and control of over One Million ($1,000,000.00) Dollars in cash by fraudulently inducing his Wife to liquate equity in the Philadelphia, Germany and California Real Estate prior to separation. The funds have not been accounted for in violation of the Order of February 1997.

9. Husband fraudulently induced wife to execute loan documents as a surety with PNC Bank for Seven Hundred Fifty Thousand ($750,000.00) Dollars.

10. Ray F. Garman, III has knowingly and intentionally failed to comply with each and every Order issued by this Court since the inception of the divorce action.

11. Ray F. Garman, III was in possession and control of over Six Million Dollars of Wife's inherited property (value agreed to by Mr. and Mrs. Garman as part of the estate litigation) and all of wife's premarital personal property at the time of the parties' separation.

12. Ray F. Garman, III was in possession and control of the entire marital estate at the time of the parties' separation.

13. Both Mia Mayer Garman and the Court have been unable to identify, locate or value the marital estate as a result of Ray F. Garman, III's refusal to comply with the Court Order of February 1997 requiring an accounting of the estate.

14. Ray F. Garman, III has for the past seven years intentionally violated the provisions of the Order of February 1997 enjoining the dissipation of marital assets to the detriment of the marital estate.

15. Ray F. Garman, III intentionally violated the Order of February 1997 by destroying over one and one-
    half tons (1 ½) of corporate documents in May 1998.

16. Ray F. Garman, III knowingly and intentionally failed to comply with the September 1999 Receiver Order by failing to surrender assets, business records and control of the business entities to the Receiver.

17. Ray F. Garman, III surrendered assets to PNC Bank without the knowledge or consent of either the Court or his Wife in violation of the February 1997 Court Order.

18. Ray F. Garman, III is currently a fugitive as there is a Bench Warrant for his arrest, he has knowledge of the warrant and he refuses to surrender.

19. Ray F. Garman, III is not a credible person. He has repeatedly lied to this Court while under oath.

20. Ray F. Garman, III with the assistance of others set up various business entities for the sole purpose of avoiding the jurisdiction of this Court.

21. Ray F. Garman, III with the assistance of others intentionally violated the February 1997and the September 1999 Court Orders and the by initiating legal actions on behalf of various business entities (without the knowledge or consent of the Receiver), collecting money and securities and failing to disclose the litigation or to surrender the money collected to the Receiver. Stock certificates and funds collected during the litigation were used to satisfy Mr. Garman's non-marital debts and to enrich Mr. Garman.

22. Ray Garman, III is currently in possession of marital and Wife's premarital property in violation of this Court's Order.

23. The Court has been unable to determine the actual income being earned by Ray F. Garman, III over the past seven years as a result of Mr. Garman's refusal to provide reliable verification of his income; however, the Court has imputed an income to Mr. Garman based on his past and current income as well as what this Court believes to be his earning capacity.

24. Mr. Garman's obdurate, vexatious and dilatory conduct has resulted in Mia Mayer Garman incurring reasonable legal fees and costs of Five Hundred Thousand Dollars ($500,000.00) during the course of this litigation, directly related to this conduct.

25. Mr. Garman and Mr. Weir have failed to provide this Court with Mr. Garman's current address despite the existence of a Bench Warrant for Mr. Garman's arrest.

26. In the spring of 2003, Mr. Garman violated a Court Order by removing personal property from the 1802 Delancey Street property and failing to disclose the whereabouts of said property.

27. Mr. Garman refuses to comply with a Court Directive to disclose the existence of assets currently in his possession.

28. Mr. Garman intentionally failed to appear for the November 2002 and December 2002 Court Hearings despite his ability to be present for the Trial. The Court did not excuse Mr. Garman's absence.

29. Mr. Garman failed to secure health insurance for his Wife and Daughter in Violation of this Court's Order.

30. Mr. Garman continues to live the lifestyle that the Millions of Dollars of Mr. Mayer assets afforded to him while he was living with his wife. Mia Mayer Garman

and the parties' Daughter are without sufficient assets or income to live the lifestyle that they enjoyed prior to and during the marriage.

31. Mia Mayer Garman and the parties' Daughter are without sufficient financial resources to provide for basic necessities as a direct result of Ray F. Garman, III's actions.

32. Mr. Garman filed for bankruptcy during the course of the litigation in an attempt to avoid his legal responsibilities to his Wife and Daughter and to avoid the jurisdiction of this Court.

33. This Court must issue an Omnibus Order combining an award for Equitable Distribution, Alimony, Counsel Fees and Costs if there is any chance that equity will be achieved in this case. The actions of Mr. Garman interfered with this Court's ability to administer justice during the course of this litigation. The Court must enter an Order that secures the Equitable Distribution award so that Wife and Daughter will have sufficient resources for their maintenance and support. The Award must take into account the time value of money and the tax consequences of securing payment of an Equitable Distribution/ Alimony Award by the entry of an Alimony arrearage (judgment).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The bonds of matrimony heretofore existing between the Plaintiff and Defendant shall be, and they hereby are, dissolved, and the Plaintiff and Defendant shall be, and they hereby are granted a Divorce from each other under 23 Pa CSA §3301(d).

2. Husband, shall pay to Wife reasonable counsel fees and costs in the amount of Five Hundred Thousand ($500,000.00) Dollars, within 30 days from the date of this Order. If said sum is not paid, then a judgment shall be entered of record, which shall not be dischargeable in any subsequent bankruptcy proceeding.

3. Wife is awarded ownership of all personal property, jewelry, precious gems and all property belonging to the estate of Erwin Mayer that was set forth in the parties' joint assets/liabilities list, which was filed with the Court. This property shall include all property whether in the possession of Husband, in a storage facility or in the possession of others.

4. Wife is awarded ownership of the real estate located in New York (pre-marital), California (excluded from the marital estate by agreement), Germany (inherited) and Philadelphia (remaining proceeds from the sale of the same). Husband is directed to execute any documents that are required for his ownership interest in said properties to be extinguished within Thirty (30) days of this Order. If said documents are not executed within (30) days, then by Order of this Court, all said properties are to be transferred to Mia Mayer Garman, Individually, if not already so titled.

4

5. Wife is awarded all remaining assets, accounts receivable, judgments (pre-marital and marital) that are currently in the possession and control of Husband or any business entity in which Husband currently has any ownership interest in or has had any ownership interest in during the past seven years. These assets are valued by the Court for purposes of Equitable Distribution at One Million Five Hundred Thousand ($1,500,000.00) Dollars. Husband is directed to surrender these assets to Scott M. Orloff, Esquire, attorney for the Wife within Thirty (30) days of this Order.

6. Wife is awarded Six Million ($6,000,000.00) Dollars in cash. Husband is directed to surrender to Scott M. Orloff, Esquire, the sum of Six Million ($6,000,000.00) Dollars within thirty (30) days. A judgment securing payment of the above noted sum shall be entered of record and shall not be dischargeable in any subsequent bankruptcy proceeding.

7. Scott M. Orloff, Esquire is directed to submit three separate certifications of Husband's compliance upon his receipt of the property, funds, and ownership interest set forth in paragraph 4, 5 and 6 above.

8. In the event that Mr. Orloff fails to certify Husband's compliance with Paragraph Number Five(5) of this Order, a Three Million ($3,000,000.00) Alimony arrearage (judgment) will be set by the Domestic Relations Department at PACES Number #669004113 on the 35th day after the entry of this Order.

9. In the event that Mr. Orloff fails to certify Husband's compliance with Paragraph Number Six(6) of this Order, a Twelve Million ($12,000,000.00) Dollar Alimony arrearage (judgment) will be set by the Domestic Relations Department at PACES Number #669004113 on the 35th day after the entry of this Order.

10. Husband is found to be responsible for all debt incurred in his sole name, in Wife's sole name or jointly from the date of the marriage until the date of final separation and from any business entity that Husband has created or has any interest in whatsoever and he is directed to hold Wife harmless for any loss or harm that she may suffer as a result of his failure to satisfy said obligations in a timely manner.

11. In addition to Husband's current child support obligation, Mr. Ray Garman, III is directed to pay Ten Thousand ($10,000.00) Dollars per month toward any arrearage for child support, spousal support, APL or any Alimony obligation that has been set forth by this Court. Any funds used to satisfy the Alimony, APL, Spousal Support arrearage shall be taxable to wife and tax deductible to Husband.

12. Adam G. Garson, Esq. attorney for Mr. and Mrs. Harvey Wedeen, former tenants of 1802 Delancey Street is authorized to keep the funds he has been holding for rent payments as an off set against the damages which the Wedeens' incurred as a result of said tenancy. The amount of Five Thousand Two Hundred Fifty ($5250.00) Dollars even though less than the damages being sought, Five Thousand Four Hundred and Ninety Six ($5,479.96) Dollars will act as a full and final release of any and all claims as a result of said tenancy, by the Wedeens against the Garmans.

13. Husband shall pay to Wife Alimony in the amount of Three Thousand ($3,000.00) Dollars per month for period of sixty (60) months.

BY THE COURT:

_____
JAMES MURRAY LYNN, J.

DATED: June 8, 2004

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

JUN 9 – 2004

FIRST JUDICIAL DISTRICT OF PA
USER I.D.: _____

6