**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>RAY F. GARMAN, III<br><br>Debtor. | Chapter 7<br><br>Case No. 05-37483 (BIF) |
| RAY F. GARMAN, III<br><br>　　　　　Plaintiff,<br>v.<br>MARIA MAYER GARMAN<br>　　　　　Defendant. | Adversary Proceeding<br>No. 06-0477 |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made and entered into as of this _____ day of December, 2007 by and between Ray F. Garman, III (the "Debtor") and Mia Mayer ("Mayer") and is intended to confirm the terms of the settlement of this adversary proceeding which terms were stated on the record on Friday, July 27, 2007:

1. In 1991, the Debtor and Mayer were married.

2. On June 8, 2004 the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court") entered an Order of Divorce dissolving the marriage of the Debtor and Mayer (the "Divorce Order"). In the Divorce Order Judge Lynn ordered Debtor to surrender certain assets and, in addition, to pay certain sums to Mayer as more fully described in the Divorce Order.

3. On October 14, 2005, the Debtor filed a Voluntary Petition under Chapter

7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101, *et seq*.

4.  On or about October 19, 2006, the Debtor commenced this adversary proceeding by filing an Adversary Complaint in which the Debtor sought a determination of the dischargeability of his obligations to Mayer as awarded in the Divorce Order pursuant to 11 U.S.C. Section 523 (the "Adversary Complaint").

5.  On December 14, 2006, Mayer filed her Answer, Affirmative Defenses and Counterclaim to the Adversary Complaint. In the Answer, Mayer generally denied that the Debtor's obligations to her were dischargeable under §523(a)(5) and, to the extent this Court deemed that the obligations were not §523(a)(5) obligations, they were, nevertheless, not dischargeable pursuant to §523(a)(15).

6.  On July 26, 2007, the Parties commenced the Trial on the Adversary Proceeding.

7.  Prior to the completion of the trial, the Parties entered into a Settlement, thereby settling all issues raised in the Adversary Proceeding and stated the terms of the settlement on the record in open Court, but desire to have the Court approve the following Settlement Agreement.

NOW, THEREFORE, intending to be legally bound, the Parties hereto to stipulate and agree as follows:

1.  The Recitals set forth above are incorporated herein by reference.

2.  Debtor and Mayer stipulate and agree that this Court shall enter a Judgment finding that of the financial obligations set forth in the Divorce Order, Five Million ($5,000,000.00) Dollars shall be deemed non-dischargeable, while the Debtor is

discharged from the remainder of the Debtor's financial obligations to Mayer in the Divorce Order.

    3.    The Debtor and Mayer further agree that payments on the non-dischargeable sum shall be applied to the Five Million ($5,000,000.00) Dollar non-dischargeable obligation as follows:

    a.    First, to all outstanding child support arrearages and spousal support arrearages which the parties believe to be in the approximate sum of Five Hundred Thousand ($500,000.00) Dollars;

    b.    Second, to the Five Hundred Thousand ($500,000.00) Dollar attorney's fee award in the Divorce Order.

    c.    Third, One Million ($1,000,000.00) Dollars, plus the difference between One Million ($1,000,000.00) Dollars and the actual amount due pursuant to paragraphs (a) and (b). The payment of this amount shall be deemed non-taxable as equitable distribution.

    d.    Fourth, One Million ($1,000,000.00) Dollars, the entire amount of which shall be deemed a payment of alimony which shall be taxable to Mayer and deductible to Debtor.

    e.    Fifth, One Million ($1,000,000.00) Dollars. The payment of this amount shall be deemed a payment of equitable distribution and shall be non-taxable.

    f. Sixth, One Million ($1,000,000.00) Dollars, the entire amount of which shall be deemed a payment of alimony which shall be taxable to Mayer and deductible to Debtor.

4. Other than as set forth in this Settlement Agreement, this Settlement Agreement is not intended to resolve any issues between the parties as to any provisions of the Divorce Order. Rather, the Parties reserve all rights and arguments related thereto and are free to raise such issues and seek determination thereon in the State Court or any other court of competent jurisdiction.

5. This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted.

6. Each party warrants that it has been represented and advised by Counsel or has had full opportunity to be represented and advised by Counsel with respect to the Settlement Agreement and all matters covered by it.

7. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the Commonwealth of Pennsylvania without regard to the Commonwealth's rules regarding conflict of laws.

8. This Settlement Agreement may be executed in one or more counterparts, including and similarly, each shall be deemed an original, but all of which together constitute one in the same instrument. This Settlement Agreement may also be executed by facsimile signature.

9. Nothing herein shall be deemed to limit the jurisdiction of the State

Court with respect to all issues in the Divorce Case.

_____
Ray F. Garman, III
c/o Walter Weir, Jr., Esquire
Weir & Partners LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA  19107

_____
Mia Mayer
525 East 86th Street
New York City, NY 10028

Court with respect to all issues in the Divorce Case.

_____  
Ray F. Garman, III  
c/o Walter Weir, Jr., Esquire  
Weir & Partners LLP  
1339 Chestnut Street, Suite 500  
Philadelphia, PA  19107

_____  
Mia Mayer  
525 East 86th Street  
New York City, NY 10028